# UNITED STATES DISTRICT COURT
for the
Northern District of California

**FILED**
DEC 2 3 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No. CR-09-00337-CW |
| Daniel Lawrence McCoy ) | |
| *Defendant* ) | |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted of ☐ a federal offense ☐ a state or local offense that would have been a federal offense if federal jurisdiction had existed - that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

☐ an offense for which the maximum sentence is death or life imprisonment.

☐ an offense for which a maximum prison term of ten years or more is prescribed in

                                                                                                                    *

☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

☐ any felony that is not a crime of violence but involves:

   ☐ a minor victim

   ☐ the possession or use of a firearm or destructive device or any other dangerous weapon

   ☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the ☐ date of conviction ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense

   X for which a maximum prison term of ten years or more is prescribed in 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 922(g)(1)

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

cc: Sheilah Stats, Copy to parties via ECF, Pret. Svcs., 2 certified copies to US Marshal

# UNITED STATES DISTRICT COURT
for the

Northern District of California

      X  under 18 U.S.C. § 924(c).

X  (2)      The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

### Alternative Findings (B)

X  (1)      There is a serious risk that the defendant will not appear.

X  (2)      There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by

        X  clear and convincing evidence

        X  a preponderance of the evidence that the defendant is a ~~financia~~l danger to the community and/or other persons. 

**Findings Related to Detention:**
1. The weight of the evidence against the defendant for the offenses charged is substantial. There is a police audiotape of the circumstances surrounding defendant's arrest on February 28, 2009, during which defendant resisted arrest and used force against an officer. Moreover, at the detention hearing, defendant's counsel read into the record portions of a police report describing the February 28, 2009 arrest, which included a description of the gun defendant had in his possession and defendant's attempt to conceal this firearm from the law enforcement officer on the scene.
2. The nature and circumstances of the offenses charged — possession of controlled substances with intent to distribute, possession of firearms and ammunition — result in a finding that the defendant is a danger to law enforcement and to the community.
3. The defendant has an extensive criminal history dating back to 1974 and including many charges for grand theft, burglary, robbery, possession of controlled substances, battery, false identification to a peace officer, forgery, possession of controlled substances while armed, obstruct/resist executive officer, carrying a concealed stolen weapon, and other offenses. Defendant's extensive criminal history also includes several felony and misdemeanor <u>convictions</u> for burglary, petty theft, possession of narcotic controlled substances, credit card forgery, failure to return to confinement, possess/manufacture/sell dangerous weapons, robbery, and use/under the influence of a controlled substance.
4. Defendant's extensive criminal history also includes instances where defendant failed to appear for required Court appearances, most recently two appearances in the Court for Alameda County. Defendant's extensive criminal history also includes violations of parole dating back to 1988. These findings lead to the conclusion that defendant would be a substantial flight risk if allowed back into the community.
5. The defendant's criminal history indicates an untreated drug addiction and related offenses.
6. The defendant's criminal history as provided by Pretrial Services is incorporated in this Order by reference.

# UNITED STATES DISTRICT COURT
for the

Northern District of California

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date: 12/23/09

*Judge's Signature*

TIMOTHY J BOMMER, United States Magistrate Judge

*Name and Title*